UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASSOCIATED MARINE & INDUSTRIAL STAFFING, INC., | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-10-897 |
| | § | |
| LIBERTY SURPLUS INSURANCE CORPORATION, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

**I.   Introduction**

Pending before the Court is the defendant's, Liberty Surplus Insurance Corporation ("LSIC"), motion for summary judgment (Docket Entry No. 11). The plaintiff, Associated Marine & Industrial Staffing, Inc. ("AMI"), filed a response (Docket Entry No. 19). After having carefully evaluated the motions, the record, the undisputed facts and the applicable law, the Court determines that the defendant's motion for summary judgment should be GRANTED.

**II.   Factual Background**

The defendant is an insurance company that issued a general liability policy to the plaintiff for the period of October 10, 2008 to October 10, 2009. On November 4, 2008, an accident involving the plaintiff's employee (David Ortiz) and a third party (Glenn Finley) gave rise to a lawsuit styled *Glenn Finley v. Richway Cartage Inc., et al.*, Cause No. 2009-20276 in the 152nd Judicial District Court of Harris County, Texas (the "underlying suit"). AMI sought defense and indemnification from LSIC for the Finley Suit, but LSIC denied the request, citing the policy's Aircraft, Auto or Watercraft exclusion ("auto exclusion"). *See* [Docket Entry No. 11-1, p. 26, ¶ g].

On February 22, 2010, the plaintiff filed suit against the defendant in the 215th Judicial District Court of Harris County, Texas.  The plaintiff requested a declaratory judgment that the defendant owed a duty to defend and indemnify the plaintiff for damages arising from the underlying suit.  Additionally, the plaintiff sought damages and penalties under the Texas Insurance Code ("TIC") and treble damages under the Texas Deceptive Trade Practices Act ("DTPA").

On March 18, 2010, the defendant timely removed the case to this Court.  This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).  Also on March 18, 2010, the plaintiff sent a demand letter to the defendant describing the damages it presently seeks and informing the defendant of a $15,000 settlement agreement made in the Finley Suit.  The demand letter further stated that, at that time, the plaintiff had accrued $10,000 in attorney's fees in the Finley Suit.  On April 18, 2010, the plaintiff filed a motion to remand, which the Court denied on July 1, 2010 (Docket Entry No. 10).

## III.     Contentions of the Parties[1]

### A.     The Defendant's Contentions

The defendant argues that it is not required to defend or indemnify the plaintiff because Finley's claims are excluded by the policy's auto exclusion.  The defendant maintains that, under Texas law, the eight-corners rule applies, under which the defendant is not liable to the plaintiff.  Specifically, the defendant asserts that the policy's auto exclusion is unambiguous and excludes coverage for all of Finley's claims in his suit.  The defendant also asserts that the auto exclusion of a general liability policy excludes coverage for allegations of antecedent negligence, such as negligent entrustment or negligent hiring, training and supervision.  Lastly, the defendant avers that because it has no duty to defend or indemnify the plaintiff under the policy, the defendant

---

[1] The parties agree that Texas law applies.

has no liability for the plaintiff's extra-contractual claims that are based entirely on the plaintiff's erroneous allegations of the defendant's liability under the policy.

### B. The Plaintiff's Contentions

The plaintiff argues that the defendant is required to defend and indemnify the plaintiff because the policy's auto exclusion does not apply to the Finley Suit. The plaintiff maintains that the defendant is liable even under the eight-corners rule. The plaintiff claims that the policy is ambiguous, and that such ambiguities should be construed against the defendant at the summary judgment stage. The plaintiff tries to distinguish the cases that the defendant cites for the proposition that the auto exclusion extends to antecedent negligence. Lastly, the plaintiff avers that because its contractual claims survive summary judgment scrutiny, its extra-contractual claims should too.

## IV. Standard of Review

Federal Rule of Civil Procedure 56 authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to that party's case and on which that party bears the burden at trial. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also, Martinez v. Schlumber*, *Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex*, *Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994)). The nonmovant may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Airline Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether the nonmovant has established a genuine issue of material fact, a reviewing court must construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little* at 1075 (emphasis omitted)).

Nonetheless, a reviewing court may not "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux* at 540 (citing *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

## V.     Analysis and Discussion

The Court holds that the plaintiff's claims cannot survive summary judgment scrutiny. As a matter of law, the Court determines that the terms of the policy are unambiguous, that Finley's pleadings in the underlying suit trigger the auto exclusion in the policy and that the plaintiff cannot construe the auto exclusion so narrowly as to preclude Finley's antecedent negligence claims. Consequently, the plaintiff's TIC and DTPA claims are rendered moot.

The parties agree that Texas law applies, and Texas law generally endorses the eight-corners rule. "The eight-corners rule provides that when an insured is sued by a third party, the liability insurer is to determine its duty to defend solely from the terms of the policy and the pleadings of the third-party claimant. Resort to evidence outside the four corners of these two documents is generally prohibited." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 307 (Tex. 2006). "If the [claimant's] petition only alleges facts excluded by the policy, the insurer is not required to defend." *Fidelity & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982).

When an insurer has no duty to defend, it also has no duty to indemnify because "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 84

(Tex. 1997). The Court finds that, based on the terms of the policy and Finley's pleadings, the plaintiff cannot survive summary judgment scrutiny.

As to the four corners of the policy, the same general rules that govern the interpretation of contracts govern the interpretation of insurance policies in Texas, and a policy must be interpreted to effectuate the intent of the parties at the time the policy was formed. *See*, *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 853 (5th Cir. 2003); *Progressive County Mut. Ins. Co. v. Sink*, 107 S.W.3d 547, 551 (Tex. 2003). Terms within an insurance contract are given "their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning." *Bituminous Cas. Corp. v. Maxey*, 110 S.W.3d 203, 208-09 (Tex. App. – Houston [1st Dist.] 2003, pet. denied) (internal citation omitted).

If an insurance contract is worded such that it "can be given a definite or certain legal meaning," then it is unambiguous and enforceable as written. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995). Only if an insurance contract is susceptible to multiple reasonable interpretations must a court adopt the interpretation most favorable to the insured. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. Nevertheless, a court will not find a contract ambiguous merely because the parties offer contradictory interpretations. *See*, *Cent. States, Se. & Sw. Areas Pension Fund v. Creative Dev. Co.*, 232 F.3d 406, 414 n.28 (5th Cir. 2000) (quoting *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985) (internal quotation marks and citation omitted)) ("A Court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings."); *see also*, *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 465 (Tex. 1998).

"The insured bears the initial burden of showing that there is coverage, while the insurer bears the burden of proving the applicability of any exclusions in the policy" that permit the insurer to deny coverage. *Guar. Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Telepak v. United Servs. Auto. Ass'n*, 887 S.W.2d 506, 507 (Tex. Civ. App. – San Antonio 1994, writ denied); *see also*, *Venture Encoding Serv., Inc. v. Atl. Mut. Ins. Co.*, 107 S.W.3d 729, 733 (Tex. App. – Fort Worth 2003, pet. denied) (stating that the Texas Insurance Code places the burden on the insurer to prove any exception to coverage). Once the insurer has established that an exclusion applies, the burden shifts to the insured to prove that an exception to the exclusion applies. *Guar. Nat'l Ins. Co.*, 143 F.3d at 193 (internal citation omitted).

With these principles in mind, the Court turns to the relevant policy language. The policy's auto exclusion excludes coverage for "bodily injury . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured." *See* [Docket Entry No. 11-1, p. 26, ¶ g].

Texas courts and federal courts applying Texas law have consistently determined that standard auto exclusions in commercial general liability insurance policies – and substantially similar exclusions – are unambiguous and exclude coverage for injuries resulting from an auto accident. *See, e.g.*, *Lyons v. State Farm Lloyds*, 41 S.W.3d 201, 204-06 (Tex. App. – Houston [14th Dist.] 2001, pet. denied) (exclusion for injury "arising out of the ownership, maintenance, use or entrustment to other of any . . . 'auto'" is not ambiguous); *Travelers Indem. Co. v. Citgo Petroleum Corp.*, 166 F.3d 761, 769-72 (5th Cir. 1999). Accordingly, the Court determines that the terms of the auto exclusion are unambiguous on their face and should thus be given their plain meaning, in accordance with the general rules of contract interpretation. *See, Bituminous Cas. Corp.*, 110 S.W.3d at 208-09.

As to the four corners of Finley's complaint, Finley alleged all of the facts necessary to trigger the auto exclusion. Finley expressly alleged that Ortiz's negligent operation of the truck that struck Finley proximately caused his injuries. In other words, Finley's injuries arose out of Ortiz's "use" of an "auto." *See* [Docket Entry 11-1, Ex. 1, pp. 2-3]. Finley also alleged that Ortiz was operating the truck within the course and scope of his employment at the time of the accident. *See, id.* at p. 3. The policy included coverage of the plaintiff's employees "for acts within the scope of their employment" or "while performing duties related to the conduct of [the plaintiff's] business." *See* [Docket Entry No. 11-1, Ex. 2, § II(a)]. Thus, the "auto" was operated by the "insured" at the time of the accident.

Under Texas precedent, an auto exclusion provision can also exclude coverage for allegations of antecedent negligence, such as negligent entrustment or negligent hiring, training and supervision. *See, McManus*, 633 S.W.2d at 788-90. The plaintiff has failed to show that either negligent entrustment or negligent hiring, training and supervision fall outside the purview of the auto exclusion. With respect to negligent entrustment, the Court concludes that the plaintiff fails to adequately distinguish the *McManus* case. *See, Id.* Both that case and this dispute involve vehicles, accidents and insurance coverage, and the similarities between the two cases far outweigh the differences for purposes of this summary judgment ruling. *See*, *Id.*

With respect to negligent hiring, training and supervision, the Court finds that the defendant's cited persuasive authorities are indeed persuasive, even if they do not bind this Court. *See, e.g.*, *Travelers*, 166 F.3d at 770-72 (claims arising from the insured's negligent supervision of a contractor and its employees excluded where the injury was caused by the contractor's excluded "use" of an "auto"). Here, the auto exclusion excludes allegations of negligent entrustment or negligent hiring, training and supervision because those antecedent

negligence allegations are inherently interrelated with and would not exist "but for" the plaintiff's excluded "use" of the auto. *See, McManus* at 790. Finley would not have been injured – and thus, would have had no claim against AMI for negligent entrustment or negligent hiring, training and supervision – "but for" Ortiz's negligent operation of the truck, which is excluded by the auto exclusion.

Therefore, the Court determines that the auto exclusion excludes coverage for all claims in the underlying suit. Consequently, the defendant is also entitled to summary judgment on the plaintiff's TIC and DTPA claims.[2] The plaintiff's allegations of TIC and DTPA violations are premised entirely on its contention that the defendant wrongfully denied coverage. Because the Court holds that the defendant properly denied coverage, these other allegations are moot. "As a general rule, there can be no claim for bad faith when an insurer has promptly denied a claim that is not in fact covered." *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995) (internal citation omitted). Therefore, the defendant is entitled to prevail on its summary judgment motion.

## VI. Conclusion

Based on the foregoing analysis and discussion, the defendant's motion for summary judgment is hereby GRANTED.

It is so **ORDERED**.

SIGNED at Houston, Texas this 8th day of October, 2010.

_____
Kenneth M. Hoyt
United States District Judge

---

[2] *See*, Tex. Ins. Code §§ 541.051, 541.061 and Tex. DTPA § 17.46(b) (all provisions relevant to the plaintiff's allegations that the defendant misrepresented the extent of coverage under the policy).